**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| MICHAEL MYERS, *individually and* | : | |
| *on behalf of all others similarly situated* | : | |
| 5207 Ditman Street | : | |
| Philadelphia, PA 19124 | : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| SEFAH LLC d/b/a FOUR SEASONS | : | |
| DINER & RESTAURANT | : | |
| 2811 Cottman Avenue | : | |
| Philadelphia, PA 19149; AND | : | |
| | : | |
| SEFIK GUNAYDIN | : | |
| 2811 Cottman Avenue | : | |
| Philadelphia, PA 19149 | : | |
| | : | |
| Defendants. | : | |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Michael Myers ("Plaintiff") hereby brings this collective/class action against Defendant SEFAH LLC d/b/a Four Seasons Diner & Restaurant ("FSDR"), Defendant Sefik Gunaydin ("Gunaydin") (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this complaint contending that Defendants failed to properly pay him and other similarly-situated current and former employees of Defendants ("Class Plaintiffs"), minimum wages and overtime compensation, and unlawfully retained tips earned by Plaintiff and Class Plaintiffs, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.100, *et seq.*

2.      Plaintiff is a former employee of Defendants who was employed in the position of Server.  Plaintiff contends that Defendants maintained an unlawful tip pool, unlawfully retained a portion of the tips earned by Plaintiff and Class Plaintiffs, and failed to accurately track and pay Plaintiff and Class Plaintiffs for all hours worked in violation of the FLSA and PMWA.

3.      Plaintiff further contends that he and Class Plaintiffs are owed unpaid minimum wages and overtime compensation which were denied them as a result of Defendants' unlawful pay practices.  Plaintiff and Class Plaintiffs regularly worked in excess of forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4.      In addition, Plaintiff contends that Defendants failed to pay him the minimum hourly cash wage for tipped employees of $2.13 under the FLSA and/or $2.83 under the PMWA, further disqualifying Defendants from utilizing a tip credit to comply with their obligations to pay minimum wages and overtime compensation under the FLSA/PMWA .

5.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

7.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10. Plaintiff Michael Myers currently resides at 5207 Ditman Street, Philadelphia, PA 19124.

11. Upon information and belief, Defendant SEFAH LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of Labor of 2811 Cotman [sic] Avenue, Philadelphia, PA 19101 [sic].  Upon information and belief, Defendant SEFAH LLC owns and operates the Four Seasons Diner & Restaurant located at 2811 Cottman Avenue, Philadelphia, PA 19149.

12. Upon information and belief, Defendant Sefik Gunaydin is the owner and/or managing member of SEFAH LLC.  Upon information and belief, Gunaydin maintains operational control over the restaurant location owned and operated by Defendant SEFAH LLC d/b/a Four Seasons Diner & Restaurant, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant SEFAH LLC d/b/a Four Seasons Diner & Restaurant, including, but not limited to, Plaintiff and Class Plaintiffs.

13. Upon information and belief, Defendant Sefik Gunaydin was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over

3

significant aspects of FSDR's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, and was ultimately responsible for ensuring FSDR's compliance with the FLSA and PMWA.

14. Defendants are "private employers" and covered by the FLSA.

15. Plaintiff was an employee engaged in commerce within the meaning of the FLSA in that he performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

16. Upon information and belief, Defendant SEFAH LLC is a covered employer under the FLSA in that, during the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had employees engaged in commerce within the meaning of the FLSA.

17. Plaintiff was an employee who was employed by Defendants during all times relevant hereto and, as such, is entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

18. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20. This action is brought as a collective action to recover unpaid compensation, minimum wages, overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

21. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Server, or in positions with substantially-similar job duties, who worked for Defendants at any point in the past three (3) years who were denied minimum wages, overtime compensation, and unlawfully retained tips as a result of Defendants' unlawful tip pool and tip retention practices ("Class Plaintiffs"). Specifically, upon information and belief, Defendants maintained an unlawful policy and practice of requiring Class Plaintiffs tip out a substantial percentage of their tips, equivalent to approximately 2.5% of gross sales, while retaining a significant percentage of those tips to cover overhead and payroll costs, as well as to pay employees who do not traditionally receive tips, such as Defendants' dishwashers and cooks.

22. Plaintiff estimates that there are in excess of fifty (50) other similarly situated Servers who either are working or worked for Defendants during the past three (3) years and were unlawfully denied minimum wages, overtime compensation, and tips a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

23. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied minimum wages, overtime compensation, and tips as a result of Defendants' unlawful tip pool practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully

in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs minimum wages and overtime compensation, and have unlawfully retained tips, have impacted Class Plaintiffs in the same fashion.

24. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

25. Paragraphs 1 through 24 are hereby incorporated by reference as though the same were fully set forth at length herein.

26. Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants at any point during the past three (3) years in the position of Server who were denied minimum wages, overtime compensation, and/or unlawfully retained tips as a result of Defendants' unlawful tip pool and tip retention practices.

27. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

28. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    b. Whether Defendants maintained an unlawful tip pool under the PMWA;

6

   c.  Whether Defendants improperly retained for themselves a portion of the tips earned by Plaintiff and the Class;

   d.  Whether Defendants unlawfully retained tips which were rightfully earned and which are due and owing to the Class within the meaning of the PMWA;

   e.  Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

   f.  Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

   g.  Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

  29.  Plaintiff's claims are typical of the claims of the Class Members. Plaintiff is a former employee of Defendants who was employed in the position of Server who has suffered similar injuries as those suffered by the Class members as a result of Defendants' unlawful tip pool and tip retention practices. Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

  30.  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

  31.  Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

  32.  Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

      A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

      B.      Defendants, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

      C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

33.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

**FACTS RELEVANT TO PLAINTIFF'S
COLLECTIVE/CLASS ACTION CLAIMS**

34. Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35. Plaintiff first began his employment with Defendants in or around May 2016, when he was hired as a Server at the Four Seasons Diner & Restaurant located at 2811 Cottman Avenue, Philadelphia, PA 19149.

36. Plaintiff was employed by Defendants as a Server at FSDR from May 2016 until on or around January 26, 2020.

37. Upon information and belief, during the past three (3) years, Defendants have employed at least fifty (50) individuals in the position of Server at FSDR.

38. Plaintiff, along with Defendants' other Servers, was/were primarily responsible for taking customers' food and drink orders, serving food and drink to customers, and otherwise waiting on customers at the restaurant's tables.

39. Plaintiff was paid an hourly cash wage of $2.00 per hour, plus tips.

40. Upon information and belief, Class Plaintiffs were/are paid an hourly wage of $2.83, plus tips.

41. Plaintiff and Class Plaintiffs were/are classified as "non-exempt" employees.

42. Upon information and belief, in choosing to pay Class Plaintiffs $2.83 per hour, which is $4.42 less than the standard minimum wage (i.e. $7.25) otherwise required to be paid to non-exempt employees under the FLSA and PMWA, Defendants purported to utilize a "tip credit" in order to satisfy their obligations to pay minimum wages and overtime compensation under the FLSA.

43. However, notwithstanding Defendants' purported attempted to claim a "tip credit" under the FLSA/PMWA, upon information and belief, Defendants maintained a policy and practice of withholding a significant percentage of Plaintiff's and Class Plaintiffs' tips both for retention by the company to pay operating costs as well as to unlawfully share with traditionally non-tipped employees.

44. As a result, upon information and belief, for at least three (3) years prior to February 2020, Defendants have unlawfully retained, and continue to retain, a significant portion of the tips earned by their servers for their own use and to pay the wages of employees who do not customarily and regularly receive tips within the meaning of the FLSA/PMWA, such as dishwasher and cooks.

45. During a typical, average workweek, Plaintiff worked between fifty-five (55) to sixty (60) hours per week.[1]

46. By way of example, during the biweekly pay period of December 3, 2018 through December 16, 2018, Plaintiff worked approximately one hundred (100) hours for Defendants. However, Plaintiff did not receive any overtime compensation for the approximately twenty (20) hours of overtime he worked during said pay period.

47. Plaintiff regularly worked in excess of forty (40) hours per week but did not receive any overtime compensation.

48. Upon information and belief, Class Plaintiffs also regularly worked in excess of forty (40) hours per week, but did not receive any overtime compensation.

49. Upon information and belief, Defendants failed to accurately track the actual hours worked by Plaintiff and Class Plaintiffs.

---

[1] Plaintiff's hours were significantly reduced in late 2019.

50. Plaintiff and Class Plaintiffs are paid on an hourly basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

51. Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendants, nor do they make recommendations with respect to employee status changes to which Defendants gives substantial weight.

52. Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

53. Plaintiff and Class Plaintiffs do not perform work directly related to Defendants' management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendants.

54. Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

55. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

56. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to minimum wages and overtime compensation for all hours they worked over forty (40) in a workweek.

57. Defendants failed to post, or otherwise notify their employees of a summary of the Fair Labor Standards Act and their regulations in a conspicuous place in their place of business that Plaintiff reported to in violation of the FLSA and its implementing regulations. See 29 C.F.R. § 516.4.

58. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

### FACTS RELEVANT TO PLAINTIFF'S
### INDIVIDUAL CLAIMS UNDER THE FLSA AND PMWA

59. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60. As indicated above, during the course of his employment with Defendants, Plaintiff was paid an hourly cash wage of $2.00, which is below the minimum hourly cash wage of $2.13 and $2.83 required under the FLSA and PMWA, respectively.

61. Because Defendants failed to pay Plaintiff the minimum cash wage required under the FLSA and PMWA, Defendants were not entitled to take a "tip credit" to satisfy their obligations to pay minimum wages or overtime compensation to Plaintiff under the FLSA and PMWA.

62. As a result, Plaintiff is owed the full minimum wage (i.e. $7.25 per hour) for all the hours he worked under forty (40) in a workweek for Defendants, as well as overtime compensation at a rate not less than 1.5 times the minimum wage for all hours worked over forty (40) in a workweek under the FLSA and PMWA.

63. Defendants paid Plaintiff the aforesaid cash wage of $2.00 per hour in willful violation of the requirements of the FLSA and PMWA.

64. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY MINIMUM WAGES & OVERTIME COMPENSATION
### (Collective Action Claims)

65. Paragraphs 1 through 64 are hereby incorporated by reference as though the same were fully set forth at length herein.

66. Pursuant to Section 206(b) of the FLSA, non-exempt employees must be paid not less than the minimum wage for every hour worked in a workweek.

67. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

68. Although restaurants may utilize a tip credit to satisfy their minimum wage and overtime obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips," or when the employer retains a portion of said tips for itself.

69. By requiring Plaintiff and Class Plaintiffs to share their tips with traditionally non-tipped employees, and by unlawfully retaining a portion of the tips received by Plaintiff and Class Plaintiffs for themselves and/or to cover operating costs and to pay the wages of employees who do not customarily and regularly receive tips within the meaning of the FLSA/PMWA , Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime requirements to Plaintiff and Class Plaintiffs.

70. As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiff and Class Plaintiffs an hourly wage lower than $7.25.  Moreover, Defendants have violated the FLSA's overtime requirements by paying Plaintiff and Class Plaintiffs less than 1.5 times their "regular rate" of pay for all hours worked over forty (40) in a workweek.

71. Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

72. As a result, Defendants failed to pay Plaintiff and Class Plaintiffs minimum wages and overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

73. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

74. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

75. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants at any point during the past three (3) years in the position of Server, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but

were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

  D. Adjudicating and declaring that Defendants violated the FLSA by maintaining an unlawful tip pool, unlawfully retaining tips earned by Plaintiff and Class Plaintiffs, and failing to pay minimum wages and overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

  E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

  F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

  G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

  H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

  I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY MINIMUM WAGES & OVERTIME COMPENSATION
### (Class Action Claims)

76. Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

78. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

79. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay minimum wages and overtime compensation, failing to properly pay Plaintiff and Class Plaintiffs for all hours worked, maintaining an unlawful tip pool, and unlawfully retaining tips earned by Plaintiff and Class Plaintiffs for itself.

80. As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of minimum wages, overtime compensation, and unlawfully retained tips in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.    An award to Plaintiff and Class Plaintiffs for the amount of unlawfully retained tips, unpaid minimum wages, and overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.    An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## (Individual Claims for Minimum Wage and Overtime)

81.   Paragraphs 1 through 80 are hereby incorporated by reference as though the same were fully set forth at length herein.

82.   Pursuant to Section 206(b) of the FLSA, all employees must be compensated at a rate not less than the minimum wage for every hour worked in a workweek.

83.   Due to Defendants' failure to pay Plaintiff the minimum cash wage required for tipped employees under the FLSA, Defendants were not entitled to claim Plaintiff's tips as a credit against their obligations to pay minimum wages and overtime compensation under the FLSA and PMWA.

84.   Defendants failed to pay Plaintiff at a rate not less than the minimum wage for all hours worked.

85.   Defendants failed to pay Plaintiff at a rate not less than 1.5 times the minimum wage for all hours worked over forty (40) in a workweek.

86.   The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

87. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

88. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation to Plaintiff for compensable hours worked;

B. Awarding Plaintiff back pay wages (including, but not limited to minimum wages, reimbursements for unlawfully retained gratuities, and overtime compensation) in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

                                                        Respectfully submitted,

                                                        **MURPHY LAW GROUP, LLC**

                              By:    /s/ Michael Groh
                                                  Michael Groh, Esq.
                                                  Michael Murphy, Esq.
                                                  Eight Penn Center, Suite 2000
                                                  1628 John F. Kennedy Blvd.
                                                  Philadelphia, PA 19103
                                                 TEL: 267-273-1054
                                                 FAX: 215-525-0210
                                                 mgroh@phillyemploymentlawyer.com
                                                 murphy@phillyemploymentlawyer.com
                                                 *Attorneys for Plaintiff*

Dated: April 20, 2020

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.